RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
3/27/15
yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BRADFORD WADE (#30736-034)　　　　DOCKET NO. 15-CV-178; SEC. P

VERSUS　　　　　　　　　　　　　　JUDGE DRELL

WARDEN　　　　　　　　　　　　　MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Bradford Wade. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his conviction and sentence for Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §846 (Count 1), and Distribution of Heroin to a Person Under Age 21 in violation of 21 U.S.C. §859 (Count 2).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

On June 18, 2009, Petitioner entered a guilty plea to a superceding bill of information in which he was charged with Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §846 (Count 1), and Distribution of Heroin to a Person Under Age 21 in violation of 21 U.S.C. §859 (Count 2). On October 15, 2009, he was sentenced to a term of

imprisonment of 180 months.

According to the Factual Basis for his guilty plea, Petitioner frequently provided heroin to another individual, Shanon E. Frank, in exchange for Franks's assistance in distributing heroin. On January 19, 2008, Frank was contacted by an individual under the age of 21, for the purpose of obtaining heroin. Frank was with Petitioner at the time. Frank proceeded to a hotel where he met with the individual in the lobby bathroom and provided ½ gram of heroin in exchange for $100.00. [Case 2:08-cr-196, E.D.La., Doc. #48] After receiving the heroin, the individual went up to a hotel room occupied by several other individuals. The purchaser of the heroin and another individual consumed some of the heroin. After a period of time, the other individual laid down on a bed and passed out. When she could not be revived later, paramedics were called. The individual was pronounced dead at the hotel. An autopsy revealed that the individual died of acute visceral and cerebral congestion from the ingestion of heroin. [Case 2:08-cr-196, E.D.La., Doc. #48]

On January 24, 2008, both Petitioner and Frank were arrested together while Frank was in the process of injecting heroin he obtained from Petitioner. [Case 2:08-cr-196, E.D.La., Doc. #48] After further investigation, a controlled purchase of heroin was set up between Frank and Petitioner, which took place on March 18, 2008.

Following the arrest of Petitioner on August 13, 2008, Petitioner admitted that he regularly sold heroin to several individuals in the New Orleans area, including Frank, and that he was aware that Frank sold some of the heroin to other individuals. [Case 2:08-cr-196, E.D.La., Doc. #48]

Petitioner did not appeal his sentence, nor has Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255.

### *Law and Analysis*

On January 28, 2015, Petitioner filed this instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He seeks review of his conviction and sentence in light of the recent Supreme Court case, Burrage v. U.S., --- U.S. ---; 134 S.Ct. 881 (2014), which essentially held that: (1) at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance unless such use is a but-for cause of the death or injury, abrogating United States v. Monnier, 412 F.3d 859, and United States v. McIntosh, 236 F.3d 968, and (2) Burrage, *who distributed heroin used by victim who died of a drug overdose after also using other drugs, could not be convicted under the penalty enhancement provision, absent evidence that the victim would have lived but for his heroin use.*

See also, Ford v. U.S., 134 S.Ct. 1274 (Mem)(2014)(judgment vacated, and case remanded to Eighth Cir. Court of Appeals for further consideration in light of Burrage); Paroline v. U.S., 134 S.Ct. 1157 (Mem)(2014)(granting motion for additional briefing in light of Burrage case); see also, Smith v. Wilson, 2014 U.S. Dist. LEXIS 156128, 5 (D. Minn. Sept. 10, 2014)(Burrage is a statutory interpretation case, which clarified that the "death results" enhancement of 21 U.S.C. §§ 841(b)(1)(A)-(C) applies only where the jury finds beyond a reasonable doubt that the controlled substance distributed by the defendant was a "but-for" cause of the victim's death.).

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner is not challenging the manner in which his sentence is being executed; rather, he is challenging the legality of his conviction and sentence in light of the Burrage case.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." Reyes-Requena v. United States, 243 F.3d 893, 901

(5th Cir. 2001). "Courts have found a remedy under 28 U.S.C. §2255 to be inadequate or ineffective only in extremely limited circumstances." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000) (internal quotation marks omitted). **It is not enough for Petitioner to show he is now barred by the limitations period from seeking relief under §2255.** Id. at 452-53; Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). To demonstrate inadequacy or ineffectiveness in the Fifth Circuit, Petitioner must show: "(1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first §2255 motion." Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002) (citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). Petitioner contends that Burrage affords him an argument previously unavailable to him when he could have pursued a §2255 motion; thus, he claims his remedy under §2255 is "inadequate or ineffective."

First, Petitioner has not shown that the Burrage case is a retroactively applicable Supreme Court decision. Numerous courts have recognized that the Supreme Court "did not expressly hold that Burrage is retroactive on collateral review." See e.g., Stewart v.

5

U.S., 2105 WL 477226 (E.D.Wis. 2/5/15)[1]; Gaylord v. U.S., 2015 WL 433582 (C.D.Ill. 2/5/15)[2]; Bradley v. Copenhaver, 2014 WL 6819542 (E.D.Cal. 2/2/14).[3]  Thus, there is no authority to support Petitioner's contention that Burrage triggers 28 U.S.C. §2255(f)(3)'s application.

Moreover, if Burrage did create a new right that is retroactively applicable to cases on collateral review, Petitioner had an opportunity to raise such a claim in a §2255.  That is, if Burrage created a new right retroactively applicable on collateral review, the one-year limitations period for filing a §2255 motion would have recommenced on January 27, 2014, the date Burrage was decided.  See 28 U.S.C. §2255(f)(3)[4].  Therefore, if Burrage was

---

[1] Citing United States v. Bourlier, No. 3:14cv609, 2014 WL 6750674 at *2 (N.D.Fla. December 1, 2014); Alvarez v. Hastings, No. CV214-070, 2014 WL 4385703 at *1 (S.D.Ga. Sep.5, 2014); De La Cruz v. Quintana, No. 14-28-KKC, 2014 WL 1883707 at *6 (E.D.Ky. May 1, 2014); Taylor v. Cross, No. 14-CV-304, 2014 WL 1256371 at *3 (S.D.Ill. Mar. 26, 2014); Powell v. United States, No. 3:09-CV-2141, 2014 WL 5092762 at *2 (D.Conn. Oct.10, 2014).

[2] "The Court further notes that he relies on Burrage, which is a statutory interpretation case that does not apply retroactively to cases on collateral review, as the Supreme Court has not declared such retroactive application, and no other court has the authority to do so. Ragland v. United States, 756 F.3d 597, 602 (8th Cir.2014); see also, Simpson v. United States, 721 F.3d 875, 876 (7 Cir. 2013)(holding that statutory interpretation cases like Alleyne v. United States, 133 S.Ct. 2151 (2013), are merely extensions of Apprendi v. New Jersey, 530 U.S. 466 (2000), and do not apply retroactively); United States v. Martin, 564 Fed.Appx. 850, 851 (7th Cir. 2014)."

[3] "No court has yet found Burrage retroactively applicable to cases on collateral review. See, e.g., Rutledge v. Cross, No. 14-cv-539-DRH, 2014 U.S. Dist. LEXIS 77290, 2014 WL 2535160, at *3 (S.D.Ill. June 5, 2014); De La Cruz v. Quintana, No. 14-cv-28-KKC, 2014 U.S. Dist. LEXIS 60526, 2014 WL 1883707, at *6 (E.D.Ky. May 1, 2014)."

[4] §2255
(f)   A 1-year period of limitation shall apply to a motion under this
      section. The limitation period shall run from the latest of-...
      (3)   the date on which the right asserted was initially

retroactive, Petitioner had an opportunity to raise such a claim with the sentencing court from January 27, 2014, through January 27, 2015. To the extent that he failed to meet the limitations period of §2255 does not make its remedy inadequate. See Pack v. Yusuff, supra; Jeffers v. Chandler, supra.

### Conclusion

Petitioner cannot show that he is entitled to relief under §2241, or that he meets the savings clause of §2255. Before filing a second or successive Section 2255 petition in the district of conviction, Petitioner must get approval from the appropriate Court of Appeals, which, in this case is the United States Fourth Circuit Court of Appeals. The instant petition for writ of habeas corpus should be dismissed for lack of jurisdiction. Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider his claims.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and **Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.** No other briefs or

---

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of March, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE